## MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 8, 2020

**VIA ECF**
Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 15C
New York, NY 10007-1312

> *Re:* **PDK Commercial Photographers, Ltd. v. Eagle Transfer Corp.**
> **Case No.: 1:20-cv-55 (LJL) (DCF)_____**

Dear Judge Liman:

This firm represents the Defendant in the above-referenced case. Defendant writes to respectfully request: (i) another extension of time of fourteen (14) days, until June 22, 2020, to respond to the complaint; (ii) an adjournment of the telephonic initial conference scheduled for Thursday, June 11, 2020 at 11:30 AM; and (iii) an Order requiring Plaintiff and its counsel to appear for a settlement conference pursuant to Rule 16 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule").

i.   <u>Letter Motion for an Extension of Time to Respond to the Complaint</u>

Pursuant to this Court's Individual Practices in Civil Cases ¶ 1(C), Defendant respectfully submits that: (i) the original date the answer was due was today; (ii) there has been one (1) previous request for an extension of time to respond to the complaint; (iii) this previous request was granted on consent; (iv) Plaintiff consents to the instant request, as well; and (v) while no physical court appearance is currently scheduled before the Court in this case, a telephonic initial conference is slated to proceed on Thursday, June 11, 2020 at 11:30 AM.

Defendant respectfully submits that the extension of time is warranted given that the parties have wisely used their time to conduct settlement discussions and, though Defendant does not concede any liability, the parties are a few thousand dollars apart in terms of a monetary settlement given the costs, risks, and uncertainty in litigation. There is absolutely no need, therefore, to incur the costs and expenses associated with responding to the complaint when the parties are very close to reaching a resolution that will dispose of the case.

Indeed, Rule 1 provides that the Rules should be construed, administered, <u>and employed by the court</u> and the parties to secure the <u>just</u>, <u>speedy</u>, <u>and inexpensive</u> determination of every action and proceeding. <u>See</u> Fed. R. Civ. P. 1 (emphasis added). Accordingly, Defendants submit that good cause has been established warranting that this Court grant the requested extension. <u>See</u> Fed. R. Civ. P. 6(b)(1)(A).

Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
June 8, 2020
P a g e | **2**

      ii.      <u>Letter Motion for an Adjournment of the Telephonic Initial Conference</u>

Defendant also respectfully seeks an adjournment of the telephonic initial conference scheduled for Thursday, June 11, 2020 at 11:30 AM in light of your undersigned's daughter's "drive-by" graduation scheduled to take place at the same time. Defendant is available to conduct the telephonic initial conference later in the day if the Court has availability.

Pursuant to this Court's Individual Practices in Civil Cases ¶ 1(C), Defendant respectfully submits that: (i) the original date of the telephonic initial conference is set forth in the preceding paragraph; (ii-iii) there have been no previous requests for an adjournment of this telephonic initial conference; (iv) Plaintiff consents; and (v) the only conference currently scheduled is the one pertaining to the instant motion.

Accordingly, Defendants submit that good cause has been established warranting that this Court grant the requested adjournment. <u>See</u> Fed. R. Civ. P. 6(b)(1)(A).

      iii.      <u>Letter Motion for Settlement Conference with All Parties Present</u>

The Plaintiff in this case is a repeat litigant before this Court, with no less than five (5) cases currently pending. <u>See</u> Case Nos. 1:19-cv-9229 (DLC), 1:20-cv-56 (NRB), 1:20-cv-57 (JGK),[1] and 1:20-cv-229 (GRB). The crux of its claim is identical in each case, i.e., that an image of the Hudson Yards in New York City for which the Plaintiff has a copyright has been infringed.

Plaintiff's counsel has obtained notoriety by numerous District Judges within the Southern District of New York. The Hon. Denise L. Cote, U.S.D.J. has referred to him as a copyright troll. <u>See</u> <u>McDermott v. Monday Monday, LLC</u>, No. 17-CIV.-9230 (DLC), 2018 WL 1033240 (S.D.N.Y. Feb. 22, 2018), <u>reconsideration</u> <u>denied</u>, 2018 WL 5312903 (S.D.N.Y. Oct. 26, 2018).

This is because in the over 700 cases Plaintiff's counsel has filed since 2016, over 500 of them have been voluntarily dismissed, settled, or otherwise disposed of before any merits-based litigation. In most cases, the cases are closed within three months of the complaint filing. In some instances, cases were dismissed because Plaintiff's counsel failed to prosecute his clients' claims. <u>See, e.g.</u>, <u>Vincheski v. University of Minnesota, et al.</u>, No. 16-CIV.-4590 (KBF), ECF No. 19 (S.D.N.Y. Sep. 9, 2016) (terminating the action after plaintiff failed to amend her complaint pursuant to a court order directing plaintiff to amend her complaint due to deficiencies in the dismissed original complaint). <u>See</u> <u>McDermott v. Monday Monday, LLC</u>, *supra*.

In other cases, judges have noted Plaintiff's counsel's unorthodox litigation practices. <u>See, e.g.</u>, <u>Cuffaro v. Nylon Media, Inc.</u>, No. 18-CIV.-1391 (GHW), ECF No. 11 (S.D.N.Y. Apr. 11, 2018) (noting that plaintiff, in a sworn affidavit, misstated key dates and urging "counsel for plaintiff to use caution and to avoid such clear errors when making submissions to the Court").

---

[1] These cases were practically simultaneously filed with the instant case, as the case numbers are consecutive, i.e., 55, 56, 57.

Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
June 8, 2020
P a g e | **3**

A number of Mr. Liebowitz's cases have been dismissed from the bench as frivolous. See, e.g., Cruz v. Am. Broad. Cos., No. 17-CIV.-8794 (LAK), 2017 WL 5665657, at *2 n.11 (S.D.N.Y. Nov. 17, 2017) (Judge Kaplan noted that he "awarded over $121,000 in attorney's fees against a client of Mr. Liebowitz in three other, related copyright infringement cases that were dismissed from the bench.) (citing Kanongataa v. Am. Broad. Cos., No. 16-CIV.-7392 (LAK), 2017 WL 4776981, at *3 (S.D.N.Y. Oct. 4, 2017)).

Multiple courts, on their own initiative, have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action. See, e.g., Pereira v. Kendall Jenner, Inc., No. 17-CIV.-6945 (RA), ECF No. 24 (S.D.N.Y. Jan. 4, 2018) (Mr. Liebowitz voluntarily dismissed the case before responding to Judge Abrams's Show Cause Order.); Cruz v. Am. Broad. Cos., No. 17-CIV.-8794 (LAK), 2017 WL 5665657, (S.D.N.Y. Nov. 17, 2017) (Mr. Liebowitz informed the court that the parties had settled the case before responding to Judge Kaplan's Show Cause Order.); Leibowitz v. Galore Media, Inc., No. 18-CIV.-2626 (RA) (HBP), 2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018) (denying motion for reconsideration of order to post security for costs; see also Tabak v. Idle Media, Inc., No. 17-CIV.-8285 (AT), ECF No. 5 (S.D.N.Y. Oct. 31, 2017) (Judge Torres ordered Mr. Liebowitz to show cause why the action should not be transferred. Mr. Liebowitz voluntarily dismissed the case before responding to the Order to Show Cause.); Reynolds v. Intermarkets, Inc., No. 17-CIV.-8795 (AT), ECF No. 4 (S.D.N.Y. Nov. 14, 2017) (same). Further, Plaintiff's counsel has been admonished for repeating arguments that "have no basis in law."   See Terry v. Masterpiece Advertising Design, No. 17-CIV.-8240 (NRB), 2018 WL 3104091 at *2 (S.D.N.Y. June 21, 2018). Plaintiff's counsel has also been repeatedly sanctioned for failing to comply with court orders and for failing to produce materials during discovery.  See Romanowicz v. Alister & Paine, Inc., No. 17-CIV.-8937 (PAE) (KHP), ECF No. 24 (S.D.N.Y. June 22, 2018) (ordering Mr. Liebowitz to pay $200 to the Clerk of Court as a consequence of his failure to comply with an Order directing him to file an affidavit of service of a Default Judgment); Ferdman v. CBS Interactive, Inc., No. 17-CIV.-1317 (PGG), 2018 WL 4572241 (S.D.N.Y. Sept. 21, 2018) (discovery sanctions); Rice v. NBCUniversal Media, LLC, No. 19-CIV.-447 (JMF), 2019 WL 3000808 (S.D.N.Y. July 10, 2019) (sanctions of $8,745.50 in counsel fees to Defendant as a result of Liebowitz's failure to comply with the Court's orders); Rock v. Enfants Riches Deprimes, LLC, No. 1:17-CIV.-2618, ECF No. 82 (May 29, 2020) (denying reconsideration of sanctions award of over $100,000.00 to Defendants).

With the foregoing in mind, Defendant respectfully submits that Rule 16 authorizes a federal court to "order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as ... expediting disposition of the action [or] facilitating settlement." See Fed. R. Civ. P. 16(a)(1), (a)(5). Mandatory attendance at such conferences is not, however, limited to attorneys and *pro se* litigants, as the Rule further provides that, where appropriate, "the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." See Chen v. Marvel Food Servs., LLC, No. 15-CIV.-6206 (JMA) (AYS), 2016 WL 6872626, at *2 (E.D.N.Y. Nov. 21, 2016) (citing Fed. R. Civ. P. 16(c)(1); see also 28 U.S.C. § 473(b)(5) (discussing mandatory appearance of representative with binding authority at settlement conferences)).

Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
June 8, 2020
P a g e | **4**

        In this case, the parties are only a few thousand dollars apart in settlement negotiations and, consistent with Rule 1, there is absolutely no need for unnecessary litigation.  The parties have reached a stalemate in their negotiations because Plaintiff unreasonably refuses to either: (i) enter into a short, six (6) month payment plan for the sum of money Plaintiff seeks; or (ii) counter with a lower demand in exchange for a lump sum settlement.  What's worse, there is no rhyme or reason to Plaintiff's latest monetary demand from which he refuses to move (or accept a short payment plan for), and his demand is otherwise unsupported by any facts in this case or relevant law. Defendant can only surmise that Plaintiff's counsel is insisting on a lump sum payment in order to satisfy the numerous sanctions he has been Ordered to pay in other cases.

        Accordingly, Defendant respectfully seeks a Rule 16 conference with all parties present to fully and finally resolve this case with the Court's assistance, which Defendant regretfully submits is necessary at this juncture.  Defendant is amenable to conducting the requested conference virtually and, in light of the parties' agreement to have the case referred to the Hon. Debra C. Freeman, U.S.M.J. pursuant to the parties' proposed case management plan and scheduling Order (see Docket Entry 28), respectfully submit that Defendant's requested settlement conference may be referred to Judge Freeman, as well.

        Defendant seeks a reasonable resolution of this case and will not be bullied by this copyright troll.  In the event the parties fail to resolve this case, Defendant will seek that Plaintiff post security for costs as a condition for proceeding further with this action given the long line of precedent supporting same for cases filed by Plaintiff's counsel.

        Defendant thanks this Court for its time and attention to this case.

Dated: Lake Success, New York
         June 8, 2020                                    Respectfully submitted,

                                                         **MILMAN LABUDA LAW GROUP PLLC**

                                                         /s/ Emanuel Kataev, Esq.
                                                         Emanuel Kataev, Esq.
                                                         3000 Marcus Avenue, Suite 3W8
                                                         Lake Success, NY 11042-1073
                                                         (516) 328-8899 (office)
                                                         (516) 328-0082 (facsimile)
                                                         emanuel@mllaborlaw.com

**VIA ECF**                                              Defendant shall answer or otherwise respond to the Complaint
Liebowitz Law Firm, PLLC                                 by June 22, 2020.
Attn: Richard Liebowitz, Esq.
11 Sunrise Plaza, Suite 305                              The initial pretrial conference scheduled for June 11, 2020 at
Valley Stream, NY 11580                                  11:30 a.m. is ADJOURNED to June 23, 2020 at 11:30 a.m.
(516) 233-1660 (office)
rl@liebowitzlawfirm.com                                  SO ORDERED. 6/9/2020.

                                                         LEWIS J. LIMAN
                                                         United States District Judge