

Liebowitz Law Firm, PLLC
Attorneys for the Photographic Arts
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

November 2, 2020

**VIA ECF**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Rm 15C
New York, NY 1007-1312

    Re:    <u>*PDK Commercial Photographers, Ltd. v. Eagle Transfer Corp.,* 1:20-cv-00055 (LJL)</u>

Dear Judge Liman:

    We represent Plaintiff PDK Commercial Photographers, Ltd. ("Plaintiff") in the above-captioned case. We write to respectfully request that the Court re-open this action on grounds that Defendant Eagle Transfer Corp. ("Defendant") has failed to pay the settlement payment agreed to by the parties. Specifically, after Defendant agreed to material terms of settlement, it then delayed and failed to engage in good faith efforts to memorialize the agreement through a signed writing.

    By way of background, Plaintiff filed a one count action for copyright infringement involving its registered photograph of Hudson Yards in NYC [Dkt. #1]. Plaintiff's complaint seeks statutory damages and attorneys fees. [*Id.*] On June 19, 2020, the parties informed the Court that the parties had reached a settlement in principle. [Dkt. #31] On the same date, June 19, 2020, Plaintiff's counsel e-mailed to Defendant's counsel a draft of the settlement agreement. On June 22, 2020, the Court ordered a conditional dismissal of the action, whereby the parties were provided thirty days to re-open the action. [Dkt. #32]. The deadline passed and no application to re-open was filed.

    On July 6, 2020, Plaintiff's counsel followed up with Defendant's counsel on the status of the settlement agreement that was e-mailed to him. On the same day, Defendant's counsel stated his client's corporate counsel was reviewing his revisions to the settlement agreement and that he would send over once he completed his review. On July 12, 2020, Plaintiff's counsel e-mailed Defendant's counsel once more inquiring about the settlement agreement in which Defendant's counsel stated that he would have a redline to the agreement the next day. On July 13, 2020 Defendant's counsel e-mailed over a redline of the settlement agreement. That same day, Plaintiff e-mailed Defendant back more revisions to the agreement. Thereafter, Defendant's counsel failed to respond back to Plaintiff's revisions to the agreement. Plaintiff expected that Defendant would honor the agreement, but instead, it simply disappeared.

    Defendant takes the position that there was no "meeting of the minds" concerning

settlement because of the parties' disagreement with respect to *non-material* terms. Defendant further maintains that because the deadline to re-open the case has passed, "Plaintiff is therefore owed nothing."

However, "[a] district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Mtgs & Exp'tns Inc. v. Tandy Corp.,* 490 F.2d 714, 717 (2d Cir.1974) (internal citations omitted). Indeed, "[s]uch power is 'especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings.' " *Omega Eng'g, Inc. v. Omega, S.A.,* 432 F.3d 437, 444 (2d Cir. 2005) (quoting *Janus Films, Inc. v. Miller,* 801 F.2d 578, 583 (2d Cir.1986)).

A settlement agreement is a "contract that is interpreted according to general principles of contract law." *Omega Eng'g.,* 432 F.3d at 443. Once a court finds that parties reached a settlement agreement, the prevailing view is that such agreement is binding on all parties, "even if a party has a change of heart between the time of the agreement ... and the time it is reduced to writing." *Elliot v. City of New York,* 11 Civ. 7291(RWS), 2012 WL 3854892, at *2 (S.D.N.Y. Sept. 5, 2012); *accord U.S. v. Bank of New York,* 14 F.3d 756, 759 (2d Cir.1994) ("When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect.") (citing *Ackermann v. U.S,* 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950) (litigants cannot be relieved of the consequences of their strategic decisions merely because hindsight indicates that a decision was wrong)); *Omega Eng'g.,* 432 F.3d at 445 ("It is an elementary principle of contract law that a party's subsequent change of heart will not unmake a bargain already made."); *Rivera v. State,* 115 A.D.2d 431, 432, 496 N.Y.S.2d 230 (1st Dep't 1985) (refusing to vacate a settlement because the court found "nothing but afterthought and change of mind") (citations omitted). A presumption in favor of enforcement reflects the value that courts place on negotiated settlement agreements. *Willgerodt v. Hohri,* 953 F.Supp. 557, 560 (S.D.N.Y.1997), *aff'd sub nom. Majority Peoples' Fund for 21st Century, Inc. v. Hohri,* 159 F.3d 1347 (2d Cir. 1998) ("Settlement agreements are strongly favored in New York and may not be lightly cast aside.")

Here, although the parties missed the Court's deadline to re-open the case, that does not mean that Defendant can unilaterally extricate itself from the terms of a binding contract. The Court has the inherent authority to re-open the case to ensure that Defendant does not escape its contractual obligations and in the furtherance of justice. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (defining "inherent power" as power "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Plaintiff is therefore prepared to place the Settlement Agreement on the record so as to provide the Court with jurisdiction to enforce the terms thereof. *Pickett v. Migos Touring, Inc.,* No. 18-CV-9775-ATSDA, 2020 WL 2904864, at *2 (S.D.N.Y. June 3, 2020) ("if the parties wish for the Court to retain jurisdiction, the parties must place the terms of their settlement agreement on the public record."). Plaintiff thanks the Court for its consideration.

Respectfully Submitted,

**s/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff*