# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

November 3, 2020

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Lewis J. Liman, U.S.D.J.
500 Pearl Street
Courtroom 15C
New York, NY 10007-1312

        *Re:*   <u>**PDK Commercial Photographers, Ltd. v. Eagle Transfer Corp.**</u>
              <u>**Case No.: 1:20-cv-55 (LJL) (DCF)**_____</u>

Dear Judge Liman:

      This firm represents the Defendant in the above-referenced case. Defendant timely writes, pursuant to ¶ 1(B) of this Court's Individual Practices in Civil Cases (hereinafter "Practices"), in opposition to Plaintiff's belated, misguided, and otherwise procedurally defective letter motion to reopen this case. As set forth further below, Plaintiff's motion must be denied.

      i.     <u>Plaintiff's Letter Motion Must be Denied as Procedurally Defective</u>

      As an initial matter, Plaintiff's letter motion is defective on the ground that it does not comply with Local Civil Rule ("LCR") 7.1. Indeed, except for letter motions as permitted by LCR 7.1(d), or as otherwise permitted by the Court, all motions – including motions to reopen a case (as same does not fall within the aforesaid exclusions) – shall include, *inter alia*, a memorandum of law, setting forth the cases and other authorities relied upon in support of the motion. <u>See</u> LCR 7.1. As such, because this Court dismissed this case, LCR 7.1(d) – which permits letter motions for applications for extensions or adjournments, applications for a pre-motion conference, and similar *non-dispositive* matters – Plaintiff's submission of a letter motion to reopen the case violates LCR 7.1(d), and Plaintiff fails to otherwise explain why it should not be required to comply with same. <u>Id.</u> (emphasis added).

      In addition, Plaintiff's motion is concededly untimely. As Plaintiff admits in its letter, on June 22, 2020, this Court entered an Order providing, *inter alia*, that "that this action is DISMISSED without costs and without prejudice to restoring the action to the Court's calendar, provided the application to restore the action is made within thirty (30) days of this Order" and that "[a]ny application to reopen filed after thirty (30) days from the date of this Order *may be denied solely on that basis*." <u>See</u> Docket Entry 32 (emphasis added).

      Here, Plaintiff's deadline to move to reopen expired on July 22, 2020 and its procedurally defective letter motion is thus inexcusably 103 days late. It must be noted that if the parties had reached an enforceable settlement (as Plaintiff argues was the case), it defies logic that the Court would permit a party to reopen the case within thirty (30) days.

Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
November 3, 2020
P a g e | 2

Indeed, it is respectfully submitted, and logically follows, that the only reason why the Court entered the Order was in the event the parties were unable to agree on all terms of a settlement, which they were ultimately unable to do. Moreover, if the parties had reached an enforceable settlement, Plaintiff would have sought to enforce the settlement agreement, not reopen the litigation.[1]

Courts have discretion to extend the time for a deadline for good cause shown on motion made after the time has expired only if the party failed to act because of excusable neglect. See Fed. R. Civ. P. 6(b)(1)(b). In this case, Plaintiff concedes that it seeks relief beyond the deadline for it to do so, fails to cite to the foregoing authority, and submits that Defendant "delayed and failed to engage in good faith efforts to memorialize the agreement through a signed writing." However, according to Plaintiff's own recitation of the facts, this is demonstrably untrue.

As set forth *supra*, Plaintiff's deadline to move to reopen the case was July 22, 2020. On July 13, 2020, Plaintiff sent back a redline of the settlement agreement that had been provided by Defendant to Plaintiff that day. Defendant did not agree to Plaintiff's revisions and did not sign the agreement. Plaintiff never followed up with Defendant prior to the July 22, 2020 deadline, nor did it seek that this case be reopened; in fact, Plaintiff first followed up with Defendant on October 26, 2020, ninety-six (96) days later. Regardless of whether Defendant responded to Plaintiff's latest revision of the settlement agreement (the details of which are discussed further below), the onus was on the Plaintiff to comply with this Court's Order and reopen the case if necessary. Plaintiff failed to do so, and – crucially – failed to explain *why* it failed to do so such that this Court could make a finding of whether good faith and excusable neglect exists.

Defendant respectfully submits that neither exists, and that – similar to its onus to timely move to reopen the case – Plaintiff fails to establish entitlement under Rule 6 to an extension of time of its deadline to move to reopen the case.

ii.     Plaintiff's Letter Motion to Reopen Must Also be Denied on the Merits

Although it is not necessary for Defendant to address Plaintiff's apparent attempt for this Court to enforce the settlement agreement, as this Court does not have jurisdiction to do so, Defendant respectfully submits that there is no enforceable settlement agreement in any event.

---

[1] To the extent that Plaintiff seeks to reopen the litigation to seek to have the Court enforce the settlement agreement, Defendant respectfully submits that this Court has no jurisdiction to enforce the settlement agreement. See Scelsa v. City Univ. of N.Y., 76 F.3d 37, 41 (2d Cir. 1996) (holding that it is clearly established that a court may only exercise ancillary jurisdiction to enforce a settlement agreement if it "manifested an intent to retain jurisdiction or made the agreement part of its order of dismissal"); see also Marisol A. ex rel. Forbes v. Giuliani, 157 F.Supp.2d 303, 313 (S.D.N.Y. 2001) (holding that the Court has jurisdiction to enforce the terms of the settlement agreement only where the parties to a settlement agreement provide for the Court to retain jurisdiction over the settlement agreement). As evident from this Court's Order dismissing this case, no such manifestation of intent was made. See Docket Entry 32.

Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
November 3, 2020
P a g e | **3**

In its submission, Plaintiff inaccurately represents that: (i) Defendant has failed to pay the settlement payment *agreed to by the parties*; (ii) Defendant agreed to the *material terms of settlement*; and (iii) the parties have disagreed with each other with respect to *non-material terms*. As further set forth below, these representations are misguided, at best, and outright misrepresentations, at worst.

"The Second Circuit recognizes two types of preliminary agreements: agreements that are 'fully binding,' where the parties have 'agree[d] on all points that require negotiation,' but have not yet memorialized the agreement in final form; and agreements that leave some major terms open for negotiation, in which the parties commit simply to negotiate in good faith to create a final contract." See Castle Creek Tech. Partners, LLC v. CellPoint Inc., No. 02 Civ. 6662 (GEL), 2002 WL 31958696, at *5 (S.D.N.Y. Dec. 9, 2002) (citing Adjustrite Sys., Inc. v. Gab Bus. Servs., Inc., 145 F.3d 543, 548 (2d Cir. 1998)).

As a general matter, "parties are free to enter into a binding contract without memorializing their agreement in a fully executed document." See Winston v. Mediafare Entm't Corp., 777 F.2d 78, 80 (2d Cir. 1985). The key in determining which type of preliminary agreement has been created is "the intent of the parties: whether the parties intended to be bound, and if so, to what extent," as demonstrated by "the language of the contract, and the words and deeds of the parties." Id. (citing Adjustrite Sys., Inc., 145 F.3d at 548-49); see also Teachers Ins. and Annuity Ass'n of Am. v. Tribune Co., 670 F. Supp. 491, 498 (S.D.N.Y. 1987) ("Courts must be particularly careful to avoid imposing liability where binding obligation was not intended").

The intent to be bound is evidenced in the following factors: "(1) the language of the agreement; (2) the context of the negotiations; (3) the existence of open terms; (4) partial performance; and (5) the necessity of putting the agreement in final form, as indicated by the customary form of such transactions." See Arcadian Phosphates, Inc. v. Arcadian Corp., 884 F.2d 69, 72 (2d Cir. 1989) (citing Tribune Co., 670 F. Supp. at 499-503).

Here, on June 19, 2020, the Plaintiff itself notified this Court that the parties reached a settlement *in principle* and requested dismissal of this case with leave to reopen in thirty (30) days from that date if the parties have not submitted their final stipulation of dismissal by said date. See Docket Entry 31 (emphasis added). By the very terms of Plaintiff's own letter, the parties had an "agreement to agree" which left terms open for negotiation in which the parties committed simply to negotiate in good faith to create a final contract. As demonstrated here, however, the parties were unable to do so.

Concerning intent to be bound, with respect to the first factor, the language of Plaintiff's letter establishes that the parties did not intend to be bound by any agreement. Indeed, if the parties had an enforceable agreement in place on June 19, 2020, a stipulation of dismissal would have been filed on that date and Plaintiff would not have requested an Order permitting it to reopen the case within thirty (30) days, if necessary.

Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
November 3, 2020
P a g e | 4

With respect to the second factor, Defendant respectfully submits, and the context of the negotiations plainly reveal (as set forth further below), that the parties merely had a settlement in principle as to the settlement payment amount, with all remaining terms to be negotiated in a formal written agreement.

With respect to the third factor, there existed numerous open material terms relevant to the parties' settlement. Indeed, Defendant revised Plaintiff's June 19, 2020 draft settlement agreement in several material respects and sent its proposed material revisions[2] to Plaintiff on July 13, 2020. Within seven (7) minutes – undoubtedly without any ability to confer with his client –Plaintiff's counsel sent back a further revised settlement agreement striking the perpetual license provision in two separate clauses.[3] Defendant rejected these revisions and did not sign the agreement as revised. Because a perpetual license is undoubtedly a material term, Plaintiff cannot succeed in establishing that an enforceable settlement agreement exists.

Indeed, under New York law, "there can be no legally enforceable contract" where an agreement "is not reasonably certain in its material terms." See Cobble Hill Nursing Home v. Henry & Warren Corp., 74 N.Y.2d 475, 548 N.Y.S.2d 920, 548 N.E.2d 203, 206 (1989). Thus, "a mere agreement to agree, in which a material term is left for future negotiations, is unenforceable." See Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher, 52 N.Y.2d 105, 436 N.Y.S.2d 247, 417 N.E.2d 541, 541 (1981).

The perpetual license sought by Defendant is a material term. Without it, Plaintiff can conceivably repeatedly sue Defendant concerning the same photograph and Defendant obviously sought to protect itself from being entangled in Plaintiff's litigious tentacles.

---

[2] First and foremost, Defendant sought a perpetual license to use the photograph at issue by virtue of the settlement payment. Second, Defendant included a non-admission clause and limited the admissibility of the agreement in any legal proceedings except to enforce the agreement. Third, Defendant sought a representation from Plaintiff that Plaintiff has not assigned its claim to any third party. Fourth, Defendant sought a mutual representation that each individual acting in the name of each party has full authority to enter into the contemplated agreement. Fifth, Defendant sought to subtract any wire fee for Plaintiff's request that the settlement payment be sent by wire. Finally, Defendant sought that the exclusive forum for any disputes arising out of the contemplated agreement shall be before the current court before which this case sits.

[3] Just shy of two months ago, the Hon. Lewis A. Kaplan, United States District Judge, submitted an Order requiring Plaintiff's counsel to comply with an earlier Order to provide proof, *inter alia*, whether and when the plaintiff in that case specifically authorized Plaintiff's counsel to file that action, settle it, and attaching any retainer agreement or documentary evidence as to the foregoing. See No. 20-CIV.-4831 (LAK), Docket Entry 17. Though Plaintiff's counsel ultimately complied, see Docket Entry 20, this Court should similarly require such evidence given Plaintiff's counsel's seven (7) minute turn-around of the unenforceable settlement agreement in this case.

Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
November 3, 2020
P a g e | **5**

It bears repeating that the Plaintiff in this case is a serial litigant before this Court, with no less than five (5) cases filed around the same time this case was filed. See Case Nos. 1:19-cv-9229 (DLC), 1:20-cv-56 (NRB), 1:20-cv-57 (JGK),[4] and 1:20-cv-229 (GRB). The crux of its claim is identical in each of these cases, *i.e.*, that an image of the Hudson Yards in New York City for which the Plaintiff has a copyright has been infringed.

It is also worthy to note once more that Plaintiff's counsel, Mr. Liebowitz, has obtained notoriety by numerous District Judges within the Southern District of New York. The Hon. Denise L. Cote, U.S.D.J. has referred to him as a "copyright troll". See McDermott v. Monday Monday, LLC, No. 17-CIV.-9230 (DLC), 2018 WL 1033240 (S.D.N.Y. Feb. 22, 2018), reconsideration denied, 2018 WL 5312903 (S.D.N.Y. Oct. 26, 2018). Plaintiff's counsel also has a demonstrated track record of failing to comply with Court Orders and deadlines such as the deadline set forth in this Court's Order. See Romanowicz v. Alister & Paine, Inc., No. 17-CIV.-8937 (PAE) (KHP), ECF No. 24 (S.D.N.Y. June 22, 2018) (ordering Mr. Liebowitz to pay $200 to the Clerk of Court as a consequence of his failure to comply with an Order directing him to file an affidavit of service of a Default Judgment); Ferdman v. CBS Interactive, Inc., No. 17-CIV.-1317 (PGG), 2018 WL 4572241 (S.D.N.Y. Sept. 21, 2018) (discovery sanctions); Rice v. NBCUniversal Media, LLC, No. 19-CIV.-447 (JMF), 2019 WL 3000808 (S.D.N.Y. July 10, 2019) (sanctions of $8,745.50 in counsel fees to Defendant as a result of Liebowitz's failure to comply with the Court's orders); Rock v. Enfants Riches Deprimes, LLC, No. 1:17-CIV.-2618, ECF No. 82 (May 29, 2020) (denying reconsideration of sanctions award of over $100,000.00 to Defendants).

Also relevant to this Court's determination of the instant motion, on June 26, 2020, Judge Furman issued a fifty-four (54) page Opinion and Order imposing a range of monetary and non-monetary sanctions on Plaintiff's counsel Richard Liebowitz and his firm, the Liebowitz Law Firm, PLLC. See Usherson v. Bandshell Artist Mgmt., No. 19-CIV.-6368 (JMF), 2020 WL 3483661 (S.D.N.Y. June 26, 2020) (Docket Entry 68).

Judge Furman's Opinion and Order required Mr. Liebowitz and his firm to: (1) no later than July 27, 2020, serve a copy of the Opinion and Order "on every one of the firm's current clients "and for Mr. Liebowitz to file a declaration attesting to such service on ECF; (2) no later than July 27, 2020, **file a copy of the Opinion and Order "on the docket of any currently pending case that was brought by Mr. Liebowitz or his firm"** and for Mr. Liebowitz to file a declaration attesting to the same on ECF; and (3) file a copy of the Opinion and Order on the docket in "any action that is filed within one year of the date of th[e] Opinion and Order." Id. at *22 (emphasis omitted). Id. A review of the docket in this case establishes that Plaintiff's counsel has failed to comply with Judge Furman's Opinion and Order, and Judge Furman has been informed by other attorneys in cases brought by Plaintiff's counsel that he has failed to do so in other cases. See Usherson v. Bandshell Artist Management, 2020 WL 5894490, at *1 (S.D.N.Y. Oct. 5, 2020).

---

[4] These cases were practically simultaneously filed with the instant case, as the case numbers are consecutive, *i.e.*, 55, 56, 57.

Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
November 3, 2020
P a g e | **6**

    Turning to the fourth term, Defendant respectfully submits that there has been no performance whatsoever by either party.

    Finally, as to the fifth term, though no rule requires it, such disputes as the one litigated here are necessarily and customarily agreed to in final form in a written agreement. Indeed, a Stipulation of Dismissal was not ready to be submitted on June 19, 2020 because the parties agreed to memorialize the terms of any settlement into a written agreement.

    Based on the totality of the circumstances herein, Defendant respectfully submits that Plaintiff's defective and belated letter motion to reopen this case be denied for failure to comply with the LCR, failure to establish good cause and excusable neglect under Rule 6 (given both its failure to address those issues in its motion *and* based on its counsel's repeated history of failing to comply with court Orders), and failure to establish the existence of an enforceable settlement agreement because there indisputably remains at least one material term that has not been resolved.

    This Court may be reluctant to deny Plaintiff's defective and belated letter motion because doing so ultimately harms the Plaintiff on account of its counsel's misdeeds. However, Plaintiffs' recourse in this event lies in a malpractice suit. See Kapeluschnik v. LeSchack & Grodensky, P.C., No. 96-CIV.-2399 (ERK), 1997 WL 34652665, at *2 (E.D.N.Y. 1997) (holding that an attorneys' mere inadvertence in failure to timely serve process does not constitute good cause and that the plaintiff's recourse is to sue his attorney for malpractice). It should be no surprise to this Court, then, that Plaintiff's counsel was recently served by a former client with a malpractice action in the Supreme Court of the State of New York, New York County, on October 21, 2020, bearing Index No.: 158883/2020, of which Defendant respectfully requests this Court take judicial notice.

    Finally, Defendant respectfully requests monetary and non-monetary sanctions pursuant to this Court's inherent power[5] as follows:

    (i) reimbursement of Defendant's fees related to the instant motion;

---

[5] "[D]istrict courts have the inherent power" to sanction a party "for bad faith conduct violating the court's orders even if procedural rules exist which sanction the same conduct." See S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (internal quotation marks omitted); see also Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991) ("[N]either is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules."); Rice, 2019 WL 3000808, at *3-4 (imposing sanctions on Mr. Liebowitz pursuant to the Court's inherent authority). Further, under 28 U.S.C. § 1927, a district court may award attorney's fees against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously;" the standard for sanctions under Section 1927 is effectively the same as the inherent-authority standard: A court must find that "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith." See Enmon v. Prospect Capital Corp., 675 F.3d 138, 143 (2d Cir. 2012) (internal quotation marks omitted); see also United States v. Int'l Bhd. of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991) ("Bad faith is the touchstone of an award under [Section 1927]").

Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
November 3, 2020
P a g e | **7**

    (ii) a fine for Plaintiff's failure to comply with Judge Furman's Opinion and Order because he did not timely file a copy of the Opinion and Order in this case; and

    (iii) an Order requiring Plaintiff's counsel to notify Plaintiff of his failure to comply with this Court's deadline to reopen the case by July 22, 2020.

    Defendant thanks this honorable Court for its time and attention to this case, and respectfully submits, for the foregoing reasons, that Plaintiff's motion must be denied, Defendant's cross-motion for relief should be granted, and that this case must remain as it is – dismissed.[6]

Dated: Lake Success, New York
       November 3, 2020

                                  Respectfully submitted,

                                  **MILMAN LABUDA LAW GROUP PLLC**

                                /s/ Emanuel Kataev, Esq._____
                                Emanuel Kataev, Esq.
                                3000 Marcus Avenue, Suite 3W8
                                Lake Success, NY 11042-1073
                                (516) 328-8899 (office)
                                (516) 328-0082 (facsimile)
                                emanuel@mllaborlaw.com

**VIA ECF**
Liebowitz Law Firm, PLLC
<u>Attn</u>: Richard Liebowitz, Esq.
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660 (office)
rl@liebowitzlawfirm.com

---

[6] Defendant has reviewed this Court's Practices to determine whether any page limitations are in effect for motions such as the instant motion filed by Plaintiff. Defendant respectfully submits that it is guided by § 2(H) of the Practices in determining that its responses to this motion, which should have been filed as a formal motion consistent with LCR 7.1, does not run afoul of this Court's Practices. Similarly, though a three (3) page limitation exists for letters, Defendant respectfully submits that Plaintiff's submission is a motion and not a letter.