

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

November 6, 2020

**VIA ECF**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Rm 15C
New York, NY 1007-1312

Re:     *PDK Commercial Photographers, Ltd. v. Eagle Transfer Corp.,* 1:20-cv-00055 (LJL)

Dear Judge Liman:

We represent Plaintiff PDK Commercial Photographers, Ltd. ("Plaintiff") in the above-captioned case. We write in further support of Plaintiff's request to re-open this action on grounds that Defendant Eagle Transfer Corp. ("Defendant") has failed to pay the settlement payment agreed to by the parties. [Dkt. #33]  As per Rule 13.1 of SDNY's Electronic Case Filing Rules (the "ECF Rules"), Plaintiff respectfully replies to Defendant's opposition letter as follows:

First, Defendant's seven-page letter opposition [Dkt. #34] violates section 1.A. of the Court's Individual Practices in Civil Cases, which limits letter responses to three pages.

Second, Defendant's position that Plaintiff's letter motion to re-open the case must be made via formal motion is meritless.  As per section 1.B of the Court's Individual Practices and Local Rule 7.1(d), applications for non-dispositive matters may be permitted by the ECF Rules. Rule 13.1 of the ECF Rules specifically identifies "Motion to Reopen Case" as one of the motions that may be filed via ECF by letter motion.  Accordingly, Plaintiff's motion is proper.

Third, Plaintiff has already admitted that its motion to re-open the case is untimely. However, Plaintiff has presented good cause as to why the Court, in its equitable discretion and in the furtherance of justice, should re-open the case so as to enforce the settlement agreement against Defendant, which seeks to take advantage of a missed deadline that was a result, at least in part, of its own malfeasance.  Moreover, defense counsel Emanuel Kataev is an Officer of this Court who consented to the filing of the notice of settlement with the Court. [Dkt. #31] Mr. Kataev also concedes that a settlement in principle had been reached concerning the payment amount [Dkt. #34, p. 4]  Defense counsel should not be permitted to make an agreement and then renege on the deal and try to escape out of the back door with a "catch me if you can" posture.

Fourth, Defendant's proposed revisions to the settlement agreement are non-material because Defendant failed to demand such terms prior to the notice of settlement to the Court [Dkt. #31] To the extent that ancillary terms remain to be negotiated, the Court could re-open

the case and refer the matter to the designated Magistrate Judge to supervise the formalization of the settlement agreement.

Fifth, even if the settlement agreement is not deemed enforceable, or the Court determines that it does not have jurisdiction to enforce such agreement, then Plaintiff respectfully requests that the Court re-open the case so as to permit Plaintiff to prosecute his meritorious infringement claim against Defendant. After all, if the case has not settled, as Defendant maintains, then it should be brought to justice for violating the Copyright Act.

Sixth, Defendant's cross-motion for sanctions is procedurally improper as sanctions motions are not one of the letter motions permitted by Rule 13.1 of the ECF Rules. If Defendant seeks to move for sanctions, it must file a separate formal motion and Plaintiff will respond in kind.

Based on the foregoing, and for those reasons set forth in Plaintiff's initial letter motion, Plaintiff respectfully requests that the Court GRANT the motion to re-open the case.


Respectfully Submitted,

**s/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff*