USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/30/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PDK COMMERCIAL PHOTOGRAPHERS, LTD.,

Plaintiff,

-v-

EAGLE TRANSFER CORP.,

Defendant.

20-cv-0055 (LJL)

OPINION & ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff PDK Commercial Photographers, Ltd. moves to reopen the action on the ground that Defendant Eagle Transfer Corp. has failed to make the settlement payment agreed to by the parties. Dkt. Nos. 33, 35. Defendant objects on the ground that the motion is untimely and responds that the parties reached only a settlement in principle but did not finalize the settlement and did not intend to be bound by any agreement. Dkt. No. 34. Defendant also seeks sanctions against Plaintiff for bringing the motion.

Plaintiff initiated this action on January 3, 2020, bringing a copyright infringement claim under the Copyright Act, 17 U.S.C. §§ 106 and 501. Dkt. No. 1. Both parties are New York companies. After Defendant failed to respond to the complaint, Plaintiff moved for a default judgment on February 6, 2020. Dkt. No. 11; *see also* Dkt. No. 5. The Court scheduled a hearing on the motion for March 30, 2020. Dkt. No. 19. At the hearing, a corporate representative of Defendant appeared, but no counsel appeared for Defendant. The Court ordered Defendant to retain counsel by April 30, 2020, or else it would entertain the motion for default judgment. Dkt. No. 22. Defense counsel filed a notice of appearance on April 29, 2020, Dkt. Nos. 23-24, and

the Court granted an extension of time for Defendant to respond to the complaint by June 8, 2020, Dkt. No. 26. That deadline was extended to June 22, 2020 upon consent of the parties. Dkt. No. 30.

Plaintiff filed a notice of settlement on June 19, 2020. Dkt. No. 31. The notice stated:

> The parties have reached a settlement in principle and respectfully request that this Court administratively dismiss the action with leave to reopen the case in thirty (30 days) from today's date if the parties have not submitted their final stipulation of dismissal by such time.

*Id.*

On June 22, 2020, the Court entered an order dismissing the action "without costs and without prejudice to restoring the action to the Court's calendar, provided the application to restore the action is made within thirty (30) days of this Order." Dkt. No. 32. It further stated, "Any application to reopen filed after thirty (30) days from the date of this order may be denied solely on that basis." *Id.*

On November 2, 2020, Plaintiff moved to reopen the action. Dkt. No. 33. Plaintiff argues that it has presented good cause to reopen the action because Defendant "seeks to take advantage of a missed deadline that was a result, at least in part, of its own malfeasance." Dkt. No. 35 at 1. In particular, after Plaintiff sent a draft of the settlement agreement to Defendant on June 19, 2020 (the same day the notice of settlement was filed), Plaintiff followed up with Defendant on July 6, 2020 and July 12, 2020 to inquire as to the status of the agreement. On July 13, 2020, Defendant's counsel sent a redline back to Plaintiff, and Plaintiff thereafter sent revisions on the same date. Plaintiff says it did not hear from Defendant after that but "expected that Defendant would honor the agreement." Dkt. No. 33 at 1. Plaintiff also argues that the settlement agreement is enforceable because a settlement in principle had been reached as to material terms and payment. It further argues that even if the settlement agreement is not

deemed enforceable, or the Court determines it does not have jurisdiction to enforce such agreement, the Court should reopen the case in any event so as to permit Plaintiff to prosecute its federal copyright claim.

The motion to reopen the action is DENIED. The Court's June 22, 2020 order expressly warned that any motion to reopen the action filed after thirty days could be denied solely on the basis of timeliness. The deadline for such a motion was July 22, 2020, but Plaintiff filed its motion to reopen 161 days later, on November 2, 2020. Plaintiff has not presented excusable neglect or any other basis under Fed. R. Civ. P. 60(b) to warrant reopening the action, and the Court does not find malfeasance based on Defendant's lack of response to Plaintiff's July 13, 2020 revisions. If the settlement agreement had not been finalized and the parties needed more time to do so, they could have moved the Court for an extension of the 30-day order. They did not. *See Grabois v. Dura Erect Corp.*, 981 F. Supp. 295, 297 (S.D.N.Y. Oct. 24, 1997) (Chin, J.) ("A 30-day order is intended to help bring a litigation to a speedier resolution by enabling a court to manage its docket while giving the parties a reasonable time of period in which to reduce their settlement agreement to writing. . . . These purposes are defeated if the 30-day order is interpreted to give parties unlimited time to seek reinstatement of the action."); *see also Barrett v. F.W. Woolworth Corp.*, 1997 WL 752416, at *2 n.1 (S.D.N.Y. Dec. 5, 1997) ("[I]f this action were not reopened, plaintiff would not be without a remedy—plaintiff could sue defendant to enforce the settlement on a breach of contract basis."). And if the parties' discussions and/or drafts constituted a settlement agreement, the appropriate forum to bring an action to enforce that agreement is in state court. This Court did not "expressly retain jurisdiction over the settlement agreement" or "incorporate the terms of the settlement agreement in the order," and there is no "independent basis for federal jurisdiction" over the settlement agreement as the parties are

non-diverse and the dispute involves the state law claim of breach of contract. *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015); *see Melchor v. Eisen & Son Inc.*, 2016 WL 3443649, at *8 (S.D.N.Y. June 10, 2016) (no jurisdiction to enforce settlement agreement where court did not expressly retain jurisdiction or incorporate terms, parties were not diverse, and the contractual dispute relating to the settlement agreement arose under state law).

The Clerk of Court is respectfully directed to close Dkt. No. 33.

SO ORDERED.

Dated: November 30, 2020
New York, New York

LEWIS J. LIMAN
United States District Judge